## GENERAL COURT, APRIL TERM, 1804.

THE STATE, use of WARDER, vs. PAGE et al.

IN this case a *fieri facias*, which had regularly issued on the 27th of June 1803, upon a judgment rendered in this court, was laid on the defendant's personal property on the 19th July 1803. A special return was made as to *Henry Page*, one of the defendants, viz. That the sheriff advertised that the property would be sold at public sale on the 29th of August, and on the 25th of August 1803, a writ of error, endorsed, bond filed and securities approved, being produced to him, dated the 9th of August, he stayed proceedings.

*Motion* on the part of the plaintiff for a *venditioni exponas*.

*Houston* and *J. Goldsborough*, for the Plaintiff, contended, that the *fieri facias* having been laid before the issuing of the writ of error, the sheriff ought to have proceeded. 1 *Salk.* 323. That an execution is an entire thing, and the *fieri facias* having been begun could not be superseded. *Cro. El.* 597. That a record removed before sale, and a supersedeas delivered, yet *venditioni exponas* was allowed. 4 *Bac. Abr.* 648.

*Martin*, (Attorney General,) against the motion, contended, that by the act of assembly of 1713, *ch.* 4, and the practice of this state, no writs of *supersedeas* actually issued; but bond being filed, the writ of error is a *supersedeas* from its date, and the sheriff is only in contempt for what he does after it is shewn to him. It stays proceedings in the situation in which it finds them—so finding one in custody on a *ca. sa.* or goods taken under a *fi. fa.* so injunction will stop proceedings in any stage. *Har. Pr. in Chan.* The execution is entire as to the sheriff so far as to permit him, and his representatives on *his* death, or death of the defendant, to complete it—and if goods are taken on a *fi. fa.* the writ of error enables the sheriff to re-

turn them, security being given. That the case in *Salkeld*, 323, was not a case of a writ of error, and that cited from *Cro. Eliz.* 597, was of no weight even under the English law. It was decided, Hil. term, 40 *Eliz.*; and *Moore's Reports* contain the same point, decided by two justices only, and is an anonymous case. That by *Roll. Abr.* 491, *pl.* 5, 6, (decided 17 *Jac.* I,) there is no change of property on the seizure by the sheriff under a *fi. fa.* where a *supersedeas* on a writ of error is delivered before sale. If the sheriff takes goods on *fi. fa.* and a writ of error is produced, it is a *supersedeas.* 2 *Bac. Abr.* 210. See note on *Cro. Eliz.* in the old editions of *Bacon's Abridgment,* which is omitted in the 5th edition.

*Houston* and *J. Goldsborough,* replied, that by the seizure the goods were in *custodia legis,* and the defendant discharged *pro tanto.* They denied the authority of the case in *Rolle's Abridgment.* The reason of which, viz. "that the property is not altered by the seizure," they said, was overruled in 1 *Salk.* 323, and 2 *Ld. Raym.* 1072-3, and they cited *Yelv.* 6, 61, 44, to show, that so far as the sheriff has taken goods under a *fi. fa.* he must sell. That the delivery of the *supersedeas* shall stay for the residue not taken in the sheriff's hands. That if, before a writ of error, the sheriff has taken goods and returned them on hand *pro defectu emptorum,* the execution is not to be undone. 1 *Ventris,* 255, (in 25 and 26 *Car.* II.) per Lord *Hale;* and *Holt's* opinion, 2 *Ld. Raym.* 990; also 4 *Bac. Abr.* 684, which cited the case in *Roll. Abr.*

*Martin,* (Attorney General,) in reply to the new cases, with leave of the court, said, that the case in *Yelv.* 6, was contradictory in itself; and if it was in point at all, was rather in favour of the defendants. The true construction, he said, was that the goods taken should await the decision in error, being in abeyance. That 1 *Ventris,* 255, was the case of a return actually made to the court from which the *fi. fa.* issued, the proceedings were not in *fieri,* but *facta.* In 2

*Ld. Raym.* 990, the question was how to get at the constable.

APRIL 1804.

The State
vs.
Page ·

CHASE, Ch. J. delivered the opinion of the court. The writ of error operates as a *supersedeas* from the time of filing the bond; and if no sale was then made by the sheriff, it prevents and stays him making sale. The court therefore refuse to order a *venditioni exponas* in this case.

The sheriff has a special or qualified property in the goods seized under a *fieri facias;* they are from that time in the custody of the law, and the property is not absolutely altered until a sale made by the sheriff.

MOTION REFUSED. *(a)*

*(a)* The decision given in this case was overruled by the Court of Appeals at December term 1806, in the case of *Beatty's adm'rs vs. Chapline.*